**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDY BICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:19-cv-00821-CRE |
| STATE FARM FIRE AND CASUALTY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently pending before the court is a Motion to Dismiss (ECF No. 7) filed by defendant State Farm Fire and Casualty Company ("State Farm"). For the reasons stated herein, the motion will be granted in part and denied as moot in part.

**I. Factual and Procedural Background**

On July 10, 2019, Plaintiff Randy Bick filed a Complaint (ECF No. 1, hereinafter "Compl.") against State Farm, her homeowner's insurance carrier, for breach of contract (Count I) and bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count II). The insurance claim arose from an incident on July 15, 2018 when a tree fell through the roof of her home ("the Property") in Pittsburgh, Pennsylvania. The insurance policy at issue is a homeowners insurance policy numbered 38-N5-5614-3 ("the Policy") which provided coverage for accidental and direct physical loss to the property. (Compl. ¶ 9, 10). Plaintiff filed a claim ("the Claim"), defendant accepted coverage for the Claim in part: it is alleged State Farm has underestimated and/or underpaid and/or partially denied coverage for certain of the damages incurred. (Compl. ¶ 16). State Farm has issued payments to Plaintiff in the amount of $37,511.99. (Compl. ¶ 17). According to her adjuster, the damage to the Property is valued at $192,124.22. (Compl. ¶ 18).

1

On August 2, 2019, State Farm filed the motion to dismiss and brief in support (ECF Nos. 7, 8). Plaintiff has filed a response (ECF No. 13) to which State Farm has filed a reply. (ECF No. 14). The matter is now ripe for consideration.

We have jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp.*, 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

While a District Court is generally limited to a plaintiff's complaint in assessing a motion to dismiss, when a document is "integral to or explicitly relied upon in the complaint [, it] may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted). Plaintiff has attached the Policy to the Complaint. (ECF No. 1-1).

### III. Discussion

State Farm seeks partial dismissal, specifically dismissal of Count II, which alleges bad faith, on the grounds of failure to state a claim upon which relief can be granted. It also seeks dismissal of certain demands for damages, specifically, compensatory, consequential and/or incidental damages for allegations of bad faith at Count II, as well as the demand for attorney's fees for the breach of contract claim at Count I. In her response, Plaintiff concedes the demand

3

for attorney's fees at Count I is improper and withdraws that demand. (ECF No. 13 at 2). Accordingly, the motion to dismiss will be denied as moot in that regard.

**A. Sufficiency of the Complaint at Count II: Bad Faith**

State Farm argues that Plaintiff's Complaint contains insufficient facts to support a claim of bad faith insofar as she has not alleged what State Farm did or failed to do in the handling of her claim. State Farm argues she has merely alleged boilerplate legal conclusions in support of the bad faith claim, which is insufficient under the applicable standard described *supra*. Plaintiff disagrees and to the extent her pleading is insufficient, requests that she be afforded an opportunity to amend the Complaint.

Pennsylvania's bad faith statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371 (West). The statute does not define "bad faith," or "set forth the manner in which an insured must prove bad faith." *Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 92 (Pa. Super. 2015). However, the Pennsylvania Superior Court has defined bad faith as meaning:

> [a]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (for example, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).

To prove such a claim, "a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Condio v Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Terletsky*, 649 A.2d at 688); *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). Although the essence of bad faith is the insurer's frivolous or unfounded refusal to pay benefits, the United States Court of Appeals for the Third Circuit has recognized that bad faith conduct may encompass an insurer's unreasonable lack of investigation into the facts or failure to communicate with the insured. *See Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.,* 193 F.3d 742, 751 n.9 (3d Cir. 1999). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio*, 899 A.2d at 1143 (citing *Williams v. Nationwide Mut. Ins. Co.,* 750 A.2d 881, 887 (Pa. Super. 2000)).

In *Mondron v. State Farm Mut. Auto. Ins. Co*., No. CV 16-412, 2016 WL 7384183, at *2 (W.D. Pa. Dec. 21, 2016) (Bissoon, D.J.), the Court granted the partial motion to dismiss the bad faith claim on the grounds that "[p]laintiff's generic invocation of statutory language is insufficient to satisfy his federal pleading burden." *Id.* at *3. Moreover, Plaintiff had failed to state a plausible basis for recovery under the statute because "[a]bsent from the complaint in this case are "any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred." *Id.* at *4.

A careful review of the wording of the allegations in the Complaint leads to the conclusion that plaintiff has failed to state a claim of bad faith with the requisite specificity

required under Fed. R. Civ. P. 12(b)(6) and therefore, the motion to dismiss will be granted as to Count II. Plaintiff has stated in conclusory fashion that State Farm acted in bad faith, has stated boilerplate legal conclusions such as State Farm failed to pay her, failed to objectively and fairly evaluate the Claim, unreasonably withheld Policy benefits, acted unreasonably and unfairly, and denied the Claim without justification or good faith basis to deny the Claim. (Compl. ¶ 34). *See Myers v. State Farm Mut. Auto. Ins. Co*., 2017 WL 3891968 (E.D. Pa. Sept. 6, 2017) (complaint alleging that State Farm "failed to investigate" her claim and "failed to make reasonable offers" was insufficient to state a bad faith claim); *Plummer v. State Farm Fire & Casualty Co.,* 2014 WL 2960473 * 6 (W.D. Pa. June 27, 2014) (complaint must set forth more than labels and conclusions.").

As set forth in Federal Rule of Civil Procedure 15(a) leave to amend generally must be granted unless the amendment would not cure the deficiency. Accordingly, the Complaint is dismissed at Count II without prejudice, and Plaintiff will be permitted to file an Amended Complaint with respect to Count II and must do so on or before January 21, 2020.

B. **Demand for Damages**

State Farm next argues that Plaintiff's demands for compensatory, consequential and/or incidental damages for bad faith (Compl. ¶ 36) should be dismissed because such damages are not recoverable under the bad faith statute. In support of the motion State Farm cites to *Birth Center v. St. Paul Ins. Cos*., 787 A.2d 376, 386-87 (Pa. 2001), in which the Pennsylvania Supreme Court confirmed that although such damages are available for common law claims such as breach of contract, they are not available under the bad faith statute. This holding is dispositive of the issue at hand, and the motion to dismiss will be granted in this regard, and as amendment would be futile, the dismissal is with prejudice.

An appropriate order will be entered.

DATED: December 31, 2019

/s/*Cynthia Reed Eddy*
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: counsel of record via CM-ECF Electronic Notification